FORT GRAIN COMPANY v. HUBBY & GORMAN.

Decided March 2, 1904.

**Sale—Shortage—Kansas City Weights.**

A contract for purchase and shipment of corn, to be paid for by the buyer at a named rate per bushel, with the stipulation that it was sold "on Kansas City weights and grades," was ambiguous, and evidence was admissible to show that such stipulation was intended to relieve the seller from loss by waste and shrinkage in shipment, but not from fraud or gross mistake in the Kansas City weights.

Appeal from the County Court of McLennan. Tried below before Hon. G. B. Gerald.

*Davis & Cocke,* for appellant.

*A. C. Prendergast,* for appellee.

KEY, ASSOCIATE JUSTICE.—Appellees recovered judgment against appellant for $138.15, on account of a shortage in a car of corn sold by appellant to appellees. It was stipulated in the contract that the corn was sold "on Kansas City weights and grades," and the only point presented in the appeal is appellant's contention that the stipulation referred to relieved them from liability for the shortage.

By the terms of the contract, appellees were not to pay for the corn in bulk, but were to pay for it at the rate of 71 cents per bushel. Before discovering the shortage they paid for it according to the weight stated in the bill of lading at Kansas City, where appellant purchased the corn.

Appellees offered testimony tending to show that the stipulation in the contract, "on Kansas City weights and grades," meant that the purchaser was to bear whatever loss might result from waste or shrinkage while the corn was being shipped from Kansas City, Mo., to Waco, Texas, but not a loss resulting from fraud or gross mistake in weighing the corn at Kansas City. On the contrary, appellant submitted testimony tending to show that the stipulation referred to was intended to relieve the seller from all liability or loss resulting from incorrect weights or grades. On that point the testimony was sharply in conflict, but that submitted by the appellees supports the finding of the court in their favor.

In our opinion, the stipulation in the contract, "on Kansas City weights and grades," was ambiguous, and it was proper for the court to hear testimony tending to explain its meaning. Appellees submitted testimony showing a shortage far in excess of ordinary shrinkage, and also showing that the seal of the car had not been broken, and that there was no waste in transit. This testimony, in connection with the testimony sustaining their construction of the contract, entitled appellees to recover.

No error has been pointed out, and the judgment is affirmed.

*Affirmed.*